**Michael Fuller, OSB No. 09357**
Attorney for Voloshina
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Nataliya Voloshina,** a consumer residing in Multnomah County, | Case No. 3:16-cv-1398 |
| Plaintiff, | **COMPLAINT** |
| | 15 U.S.C. § 1692k |
| v. | Demand for jury trial |
| **Quick Collect, Inc.,** a licensed Oregon debt collector, | |
| Defendant. | |

1.

**JURISDICTION AND THE PARTIES**

This Court has jurisdiction under 28 U.S.C. § 1331 because the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., is a federal consumer protection law.

**COMPLAINT** – Page 1 of 5

2.

Plaintiff Nataliya Voloshina (Voloshina) is an individual living in Multnomah County, Oregon and a consumer protected by the FDCPA because she allegedly owed a medical bill to defendant Quick Collect, Inc. (Quick Collect), an Oregon corporation.

3.

The medical bill Quick Collect attempted to collect from Voloshina was a "debt" subject to the FDCPA because it allegedly arose from a personal medical bill allegedly owed to Northwest Primary Care Group, PC.

4.

Quick Collect is a licensed Oregon "debt collector" subject to the FDCPA because it regularly attempts to collect consumer medical and dental debts on behalf of original creditors, it regularly communicates with consumers regarding defaulted consumer debts using collection letters through US Mail and collection calls through interstate phone lines, and its principal purpose for the past 32 years has been providing debt collection services to original creditors.

5.

Venue is proper under 28 U.S.C. § 1391 because Quick Collect attempted to collect debt from Voloshina in Multnomah County, Oregon.

6.

This complaint's allegations are based on personal knowledge as to Voloshina's conduct and made on information and belief as to the acts of others.

7.

## FACTUAL ALLEGATIONS

In a letter dated June 23, 2016, Quick Collect unfairly attempted to collect an excessive amount of debt Voloshina did not owe, and used false, deceptive, and misleading representations about the amount of debt Voloshina allegedly owed.

8.

In a call on July 8, 2016, a Quick Collect agent identified as Shannon unfairly attempted to collect debt from Voloshina by misrepresenting that failure to pay would negatively affect Voloshina's ability to obtain employment, and by laughing at Voloshina and interrupting Voloshina when she attempted to refer Quick Collect to her attorney, and by hanging up on Voloshina when she attempted to provide her attorney's contact information.

9.

Quick Collect's conduct as alleged above undermined Voloshina's ability to intelligently determine whether the account at issue was actually hers, led Voloshina to reach incorrect understandings about what total debt amount she allegedly owed and why, caused Voloshina to form incorrect beliefs about the consequences of not paying its debt, interfered with Voloshina's ability to invoke her protections as a represented consumer under 15 U.S.C. § 1692c, caused Voloshina stress and confusion and to cry, and caused Voloshina to incur attorney fees and costs.

10.

**CAUSE OF ACTION**

**(15 U.S.C. § 1692k)**

Voloshina incorporates the allegations above by reference.

11.

Quick Collect violated the FDCPA, including 15 U.S.C. § 1592e and f as alleged in this complaint and Voloshina is entitled to actual damages, statutory damages, attorney fees and costs under 15 U.S.C. § 1692k.

12.

Demand for jury trial.

**COMPLAINT** – Page 4 of 5

13.

## PRAYER FOR RELIEF

After a determination that Quick Collect violated the FDCPA, Voloshina seeks relief as follows:

A. **Order and Judgment** in favor of Voloshina against Quick Collect for actual damages and statutory damages.

B. **Order and Judgment** in favor of the law firm of Olsen Daines PC against Quick Collect for reasonable fees and costs.

Voloshina also seeks any equitable relief this Court may determine is just and proper. Voloshina may intend to amend her complaint to include **class action** allegations upon discovery of evidence that Quick Collect misrepresented debt amounts in its form collection letters to other Oregon consumers.

July 10, 2016

                                   **RESPECTFULLY FILED,**

                                   s/ Michael Fuller
                                   **Michael Fuller, OSB No. 09357**
                                   Attorney for Voloshina
                                   Olsen Daines PC
                                   US Bancorp Tower
                                   111 SW 5th Ave., Suite 3150
                                   Portland, Oregon 97204
                                   michael@underdoglawyer.com
                                   Direct 503-201-4570